## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MERRELL VANNIER<br>2446 Olive Avenue<br>La Crescenta, CA 91214 | :<br>:<br>:<br>: |
| Plaintiff, | :<br>: |
| v. | : Civil Action No._____<br>: |
| | :<br>: |
| U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Ave., NW<br>Washington, DC 20530-0001 | :<br>:<br>: |
| | :<br>: |
| Defendant. | :<br>: |

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, and the Privacy Act of 1974, 5 U.S.C. § 552(a) as well as agency FOIA regulations, challenging the failure of the United States Department of Justice ("Justice") to fulfill the requests of Merrell Vannier for documents concerning himself and the late Gabriel Cazares.

2. This case seeks declaratory relief that defendant is in violation of the FOIA for failing to fulfill plaintiff's requests for records, and injunctive relief that defendant immediately and fully comply with plaintiff's requests under the FOIA.

### JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B) and 5 U.S.C. § 702,

which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FOIA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703, 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Plaintiff Merrell Vannier is a citizen of California. Mr. Vannier was investigated by the Federal Bureau of Investigation ("FBI") during his time as a member of the Church of Scientology.

5. Defendant Justice is an agency within the meaning of 5 U.S.C. § 552(f). The Federal Bureau of Investigation is a component of Justice. Defendant Justice, through its component, the FBI is the federal agency with possession and control of the records responsive to plaintiff's requests and is responsible for fulfilling the FOIA requests of Merrell Vannier.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. An agency must respond to a FOIA appeal within 20 working days, notifying the appealing party of the agency's determination to either release the withheld records or uphold the denial.  5 U.S.C. § 552(a)(6)(A)(ii).

9. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and must also provide "the date on which a determination is expected to be dispatched."  5 U.S.C. § 552(a)(6)(B).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B).

11. The FOIA provides a mechanism for disciplinary action against agency officials who have acted inappropriately in withholding records.  Specifically, when requiring the release of improperly withheld records, if the court makes a written finding that "the circumstances surrounding the withholding raise questions whether agency personnel acted arbitrarily or capriciously," a disciplinary investigation is triggered.  5 U.S.C. § 552(a)(4)(F).

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

### Request for Records Pertaining to Merrell Vannier

12. By certified letter dated December 2, 2013, Merrell Vannier sent a FOIA/Privacy Act request to the FBI seeking copies of all records concerning himself. Vannier asked the FBI "to search its Central Records System for the information responsive to his request related to the Church of Scientology, Scientology or the Guardian's Office, and further under the name Don Alverzo."

13.  By letter dated April 17, 2014, the FBI acknowledged plaintiff's request and assigned it number1242781-000.  The letter indicated that via a phone conversation with Ms. Bronson of the FBI, Mr. Vannier had agreed to narrow his request to only sections 2-4 of the responsive Headquarters file.  The letter indicates that Mr. Vannier narrowed his request from 5,704 pages to one of only 889 pages.

14.  During the April 17, 2014 phone call, the FBI enticed Mr. Vannier to narrow his request so that it would be moved from a large request queue to the medium queue. The FBI told Mr. Vannier by doing so, the narrowed request would be assigned for processing in 2-3 months and it would then take 5-6 months to process.

15.  Despite this enticement, to date, the FBI has failed to locate and release information pursuant to plaintiff's FOIA request even though both the statutory time period and the FBI's own estimated time period has expired.

### Request for Records Pertaining to Gabriel Cazares

16. By letter dated July 14, 2015, plaintiff through counsel, submitted a FOIA request to the FBI seeking certain records from 1970 to 1986 pertaining to the late Gabriel Cazares.  Specifically, plaintiff advised the FBI that, while he requested all documents pertaining to Cazares, he was most interested in "an FD 302 Memorandum dated August 17, 1977 authored by Tampa Special Agent in Charge Phil McNiff in which he and FBI Agent Carl Hall interviewed Mr. Cazares in relation to Merrell Vannier ("Requester") and his affiliation with the Church of Scientology and 2) a subsequent FD 302 Memorandum in which SAC McNiff spoke with Mr. Cazares about Requester, the date of which is unknown, although Mr. McNiff testified in a 1985 deposition that the it

would have been at least two months earlier (i.e., June 1977)  and possibly as early as December 1976."

17. In his July 14, 2015 request, plaintiff asked the FBI to search all "main" files and "see references," including but not limited to numbered and lettered subfiles, 1A envelopes, Enclosures behind files (EBFs), Bulky Exhibits, control files, and "JUNE" files, ELSUR files, any other possible area where the records may be maintained currently by the FBI, "DO NOT FILE" files, SAC safes, special file rooms, and offices of FBI officials, and informant files.  Plaintiff also requested that the FBI place any "missing" files pertaining to this request on "special locate" and advise him that they have done this. Finally, plaintiff advised the FBI that responsive documents may be located in FBI File 66-672-672 Sub 1-18cc, which may be an administrative file related to Cazares.

18.  In his July 14, 2015 request, plaintiff also sought to be classified as a member of the media as well as a public interest fee waiver.  Plaintiff stated that he should be classified as a member of the news media because he is an author and has recently published the book, *Arrows in the Dark*, concerning the Church of Scientology.  He further stated that all released material will be utilized by the requester in further books and publications on this subject.  Mr. Vannier also explained that he published a website at http://www.merrellvannier.com.  Plaintiff further stated that this request was in the public interest due to Mr. Cazares's highly publicized role as a litigant, foe, and alleged FBI informant against the Church of Scientology in Clearwater, Florida.

19. By letter dated July 20, 2015, the FBI acknowledged plaintiff's request on Gabriel Cazares and assigned it Request No. 1332709.  The FBI denied plaintiff's request

to be classified as a member of the news media because he "failed to demonstrate that you or your entity gathers information of potential interest to a segment of the public." The FBI further denied the public interest fee waiver because plaintiff failed to establish that "the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the government." Finally, the FBI asked plaintiff to inform the FBI if he was willing to pay fees for the request, and what amount of fees he was willing to pay.

20.  On July 24, 2015, plaintiff replied to the FBI that he was willing to pay fees of up to $1000 for the requested information.

21. By letter dated July 29, 2015 plaintiff submitted an appeal to the Department of Justice's Office of Information and Policy ("OIP") concerning the FBI's denial of his request to be classified as a member of the news media and for a public interest fee waiver.

22. By letter dated August 3, 2015, the FBI informed plaintiff that search for the requested records was complete and submitted a charge for fees of $30.  The FBI further estimated that processing fees of up to $1000 may be incurred and asked plaintiff to promise to pay these fees.

23. By letter dated August 10, 2015, OIP acknowledged plaintiff's appeal and informed plaintiff it was assigning it appeal number AP-2015-05138.

24.  On August 11, 2015, plaintiff submitted payment to the FBI of the $30 fees and replied to the FBI that he was willing to pay the estimated $1000 of processing fees.

## PLAINTIFF'S CLAIMS FOR RELIEF

### <u>CLAIM ONE</u>
**(Failure to Conduct an Adequate Search)**

25.   Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

26.   Plaintiff submitted requests that reasonably described the records sought and was made in accordance with Justice's published rules.

27.   In response, defendant has failed to conduct a search reasonably calculated to uncover all responsive agency records.

28.   Therefore, defendant has violated the FOIA's mandate to search for responsive records.  5 U.S.C. §552(a)(3)(D).

29.   Plaintiff is entitled to injunctive and declaratory relief with respect to the search for the requested records.

### <u>CLAIM TWO</u>
**(Failure to Produce Records Under the FOIA)**

30.   Plaintiff realleges and incorporates by reference all preceding paragraphs.

31.   Plaintiff properly asked for records within defendant's control.

32.   Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant make an explicit and justified statutory exemption claim.

33.   Defendants has not produced all the records responsive to plaintiff's FOIA requests.

34.   Therefore, defendant has violated the FOIA's mandate to release agency records to the public by failing to release the records as plaintiff specifically requested.  5 U.S.C. §§ 552(a)(3)(A), 552(a)(4)(B).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1)  Declare that defendant has violated the FOIA by failing to conduct an adequate search for records responsive to plaintiff's FOIA requests of December 2, 2013 and July 14, 2015; (2)  Order the defendant to immediately conduct and document an adequate search for responsive records as dictated by plaintiff's requests;

(3) Declare that the defendant has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA requests;

(4) Order the defendants to release all records responsive to plaintiff's FOIA requests;

(5) Award plaintiff his reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Scott A. Hodes
(D.C. Bar No. 430375)
P.O. Box 42002
Washington, D.C.  20015
Phone (301) 404-0502
Fax (413) 641-2833


Attorney for Plaintiff